# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

December 14, 2021

LETTER TO COUNSEL

RE:     *Caren K. v. Kijakazi*
        DLB-20-545

Dear Plaintiff and Counsel:

On February 28, 2020, plaintiff filed a complaint, *pro se*, contesting actions by the Social Security Administration ("SSA").  ECF 1.  On August 21, 2020, the Commissioner moved to dismiss for untimely filing and submitted evidence in support of the motion, which she later clarified was, in the alternative, a motion for summary judgment.  ECF 15, 15-2, 19.  Plaintiff opposed the Commissioner's motion, and she filed a supplemental opposition in response to the Commissioner's supplemental memorandum, along with medical records.  ECF 17, 22, 22-1. I have carefully reviewed the parties' filings.  *See* ECF 1, 15, 15-1, 15-2, 17, 19, 22, 22-1.  No hearing is necessary.  Loc. R. 105.6 (D. Md. 2021).  For the reasons set forth below, the Commissioner's motion, treated as one for summary judgment, is granted.

I.      Background

On March 26, 2019, the Appeals Council notified plaintiff of its decision to deny her request for review of an adverse decision from an Administrative Law Judge pertaining to her disability claim.  ECF 15-2, at 28–31.  That notice also advised plaintiff of her right to commence a civil action within sixty days from receipt of the notice.  ECF 15-2, at 30; *see* 42 U.S.C. § 405(g)–(h).  The Commissioner interprets the statute to permit sixty-five days from the date of the notice to allow sufficient time for mailing the notice.  20 C.F.R. §§ 404.901, 422.210(c).  Therefore, plaintiff initially had until May 1, 2019 to file her civil action.  The deadline passed and then, on May 25, 2019, plaintiff requested an extension of time.  ECF 15-2, at 33.  On October 24, 2019, the Commissioner extended plaintiff's filing deadline to November 28, 2019.  ECF 1-1, at 3; *see* 20 C.F.R. §§ 404.901.  The SSA "is not aware of any other request [from plaintiff] for an extension of time to file a civil action . . . ."  Podraza Decl. ¶ 3(b).  Plaintiff did not file her complaint with this Court until February 28, 2020.  ECF 1.

Defendant moved to dismiss under Rule 12 of the Federal Rules of Civil Procedure because plaintiff did not timely file this action.  ECF 15.  Plaintiff opposed the motion, stating dismissal of the case as untimely would be a "severe injustice" to her.  ECF 17.  On November 16, 2020, this Court wrote to the parties seeking clarification of the grounds on which the Commissioner sought

*Caren K. v. Kijakazi*
Civil No. DLB-20-545
December 14, 2021
Page 2

dismissal because the Commissioner attached documents outside the pleadings to his motion yet did not move, in the alternative, for summary judgment under Rule 56. ECF 18. Additionally, the Court informed the parties they could, but need not, supplement their arguments in light of the Fourth Circuit's recent clarification of the equitable tolling rule in *Edmonson v. Eagle National Bank*, 922 F.3d 535, 551 (4th Cir. 2019). *Id.* In a supplemental memorandum of law, the Commissioner argued that resolution under Rule 12(b)(6) is proper and that, should the Court disagree, the Commissioner alternatively moves under Rule 56. ECF 19. Plaintiff supplemented her opposition and provided medical records in support of her position. ECF 22, 22-1.

II.     Standard of Review

       The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when deciding a 12(b)(6) motion. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). When the Court considers other matters outside the pleadings on a Rule 12(b)(6) motion, it must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

       In support of her motion, the Commissioner submitted the declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch II of the Office of Appellate Operations at the Social Security Administration, along with supporting documentation. ECF 15-2. This declaration and documentation, which the Court will consider, does not fall within any of the categories of "matters outside the pleadings" properly considered on a 12(b)(6) motion. *See Zak*, 780 F.3d at 607.

       Plaintiff received sufficient notice that the Commissioner's motion may be treated as a summary judgment motion. The Court sent notice and a letter advising plaintiff about the possibility that the Commissioner's motion could be construed as one for summary judgment and could result in dismissal of her complaint. ECF 16, 18. Moreover, the Commissioner's supplemental memorandum, identifying summary judgment as possible relief, provided sufficient notice for the plaintiff to have a reasonable opportunity to present relevant evidence in support of her position. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). And, plaintiff relied on the Commissioner's exhibits and responded to the Commissioner's supplemental memorandum by submitting documents in support of her position. ECF 17, 22-1. Thus, the Court is satisfied that plaintiff has been advised that the defendant's motion could be treated as one for summary judgment and that she has been given a reasonable opportunity to present materials in response to the motion. The Court will resolve the motion under Rule 56.

       Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of

Caren K. v. Kijakazi
Civil No. DLB-20-545
December 14, 2021
Page 3

its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "a party fails to establish the existence of an element essential to that party's case" or "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,'" then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

III.    Discussion

The deadline for plaintiff to file a complaint seeking review under § 405(g) was November 28, 2019. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c); ECF 1-1, at 3. Plaintiff did not file her complaint until February 28, 2020. ECF 1. Plaintiff does not allege her filing was timely. *See* ECF 17. Because there is no genuine dispute of fact that plaintiff did not timely file her complaint, summary judgment against plaintiff is warranted unless she demonstrates grounds for tolling the deadline.

A plaintiff who fails to timely file a complaint nevertheless may proceed if the Commissioner tolls the filing deadline or plaintiff demonstrates circumstances justifying tolling by the Court. 42 U.S.C. § 405(g); *Bowen v. City of New York*, 476 U.S. 467, 478–80 (1986) (holding 42 U.S.C. § 405(g)'s 60-day filing deadline "is not jurisdictional, but rather constitutes a period of limitations" subject to tolling on equitable grounds). The Commissioner did not agree to toll the deadlines in this case beyond the 30-day extension granted on October 24, 2019. *See* Podraza Decl. ¶ 3(b). Therefore, this Court must strictly enforce the statute of limitations unless plaintiff demonstrates circumstances warranting equitable relief. Because plaintiff has not alleged any misconduct by the defendant that prevented her from meeting the deadline, equitable tolling provides plaintiff's only ostensible basis for relief. *See Edmonson*, 922 F.3d at 549–50 (explaining the substantive differences between three available equitable doctrines and noting equitable tolling "differs from [fraudulent concealment and equitable estoppel] in that it does not assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing" (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)).

Courts reserve equitable tolling for "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). As a result, equitable tolling is appropriate only when the litigant establishes "(1) that he has been pursuing his rights

Caren K. v. Kijakazi
Civil No. DLB-20-545
December 14, 2021
Page 4

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755–56 (2016) (clarifying the two elements focus on distinct factual spheres: those within a plaintiff's control and those outside his control) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  A litigant's filing after the expiration of the statute of limitations due to an "innocent mistake" does not warrant "applying the extraordinary doctrine of equitable tolling." *Cunningham v. Comm'r of Internal Revenue*, 716 F. App'x 182, 185 (4th Cir. 2018) (rejecting litigant's request for equitable tolling because of purportedly misleading language in an IRS notice that plaintiff "either misread (or misunderstood)" or because plaintiff miscounted the number of days).

Plaintiff fails to show she pursued her rights diligently.  Initially, she did not request an extension of time until May 25, 2019, more than three weeks after her original deadline had passed. ECF 15-2, at 30, 33.  By letter dated October 24, 2019, the SSA granted her belated request for an extension of time, extending the deadline for filing a civil action to 30 days from receipt of the letter which, presuming receipt in five days, was November 28. ECF 1-1. Plaintiff argues that the defendant did not use certified mail and cannot prove her timely receipt of this notice. The SSA was not required to use certified mail, and the regulations presume a claimant receives the notice within 5 days of the date of the notice "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see id.* § 404.901. Here, there is no reasonable showing that plaintiff did not receive notice of the extension request within five days of its mailing.  There is, however, plaintiff's acknowledgement that she received the October 24, 2019 letter "[w]ithin a few weeks following []October 24, 2019[]." ECF 17, at 1, 3.  Thus, at the latest, plaintiff received the letter in mid-November 2019.  If that was the case, the deadline would have been in the middle of December 2019.  Yet she did not file her complaint until February 28, 2020, more than three months after she admits she received notice of the 30-day extension.  Plaintiff has not shown that she made diligent efforts to pursue her rights during that time.

To justify her delay, plaintiff claims her physical and mental limitations prevented her from timely filing.  ECF 17.  Her argument is unavailing.  Courts "will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence" and denying plaintiff, who experienced schizoaffective and generalized anxiety disorders, equitable relief) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998); *see, e.g.*, *Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 661 n.7 (4th Cir. 2018) (finding plaintiff failed to show her post-traumatic stress disorder and anxiety constituted a "profound mental incapacity" warranting equitable tolling though plaintiff required medical leave and a work transfer); *Robison v. Hinkle*, 610 F. Supp. 2d 533, 541–42 (E.D. Va. 2009) (denying equitable tolling to a plaintiff with depression and post-traumatic stress disorder because he "failed to show that he suffered a mental condition that incapacitated him; he failed to show that any mental incapacity he suffered interfered with his ability to file papers or pleadings during the relevant periods; and he . . . failed to rebut the inference that his claim of mental incapacity is belied by his filing activity during or near the relevant periods"), *appeal dismissed*, 357 F. App'x 517 (4th Cir. 2009).  Plaintiff has not shown she has a profound mental incapacity

*Caren K. v. Kijakazi*
Civil No. DLB-20-545
December 14, 2021
Page 5

that interfered with her ability to file papers relating to her appeal.  In fact, her request for an extension of time in May 2019 evidences her general understanding that she must comply with deadlines, yet she failed to do so a few months later.  *See* ECF 1-1, at 3.

Additionally, plaintiff claims she was confused by the nature and volume of the SSA's notices and therefore did not know that she had to file her complaint by November 28, 2019.  Her alleged confusion does not establish an extraordinary circumstance beyond her control that would warrant equitable tolling.  *See Sosa*, 364 F.3d at 512 ("[E]ven in the case of an unrepresented [party], ignorance of the law is not a basis for equitable tolling. . . . Stated differently, [plaintiff's] misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control.").  Further, while plaintiff may choose to proceed without representation because she does not "believe in lawyer representation," ECF 17, at 2, and her lack of legal counsel may have contributed to her misunderstanding of the filing requirements, her self-representation does not amount to a circumstance that is either extraordinary or beyond her control. *See Cunningham*, 716 F. App'x at 185; *Sosa*, 364 F.3d at 512.

Plaintiff fails to show that equitable tolling is warranted.  She filed an untimely request for an extension of time and then filed her complaint three months after the statutory limitations period expired.  After having an opportunity to present evidence to establish equitable tolling, she has not shown that she pursued her rights diligently or that an extraordinary circumstance outside her control prevented her from filing a timely complaint.  Therefore, the Commissioner's motion for summary judgment must be granted.  *See Menominee*, 136 S. Ct. at 755–56.

For the reasons set forth herein, the Commissioner's Motion to Dismiss or the in the alternative for Summary Judgment, ECF 15, 19, is GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States District Judge